MONTALVO, PETITIONER, *v.* SOTO NUSSA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Aguadilla in an action for contempt.

No. 125.—Decided June 4, 1914.

CERTIORARI—CONTEMPT—JURISDICTION—ERROR OF PROCEDURE.—A writ of *certiorari* does not lie to annul a judgment of conviction in an action for contempt when the court acted within its jurisdiction and committed no error of procedure.

ID.—CONTEMPT—REVIEW.—In *certiorari* proceedings to annul a judgment of conviction rendered in proceedings for contempt, the only question to be considered is whether the court had jurisdiction and proceeded in accordance with law.

ID.—CONTEMPT.—In *certiorari* proceedings to review proceedings for contempt, the weighing of the evidence and the other circumstances of the case rests, as a general rule, with the trial court.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

From the long and confused petition for a writ of *certiorari* presented in this case the following may be deduced:

In the District Court of Aguadilla injunction proceedings were prosecuted by Joaquín Oronoz against Susano Montalvo to recover the material possession of real property. The case was decided in favor of the plaintiff and final judgment was entered. According to the allegations of the plaintiff, in the execution of the judgment the defendant was officially notified to leave the property in controversy at the free disposal of the plaintiff, and the defendant, Susano Montalvo, stated that he was not disposed to vacate the same because he owned one part of it and Attorney Victor P. Martínez the other. This having been brought to the knowledge of the court, it ordered that the said Montalvo and Martínez be ruled to show cause why they should not be punished for contempt. On May 11, 1914, Montalvo, Martínez, and the attorney for the plaintiff in the injunction proceedings appeared. Evidence was heard and the court, on May 15, 1914, discharged Martínez and found Montalvo guilty, sentencing him to pay a fine of $90 or, in default thereof, to be imprisoned for thirty days.

In view of the foregoing facts, can it be concluded that this is a case reviewable by means of a writ of *certiorari?* We will see.

The jurisdiction of the District Court of Aguadilla to inquire into and punish the contempt which may have been committed is unquestionable. The proceedings followed, as set out in the petition itself, are not erroneous. The court was notified of what had occurred. It was a case of an order issued for the execution of a final judgment and of a refusal to obey that order. The delinquents were given an opportunity to show cause why they should not be punished for contempt. For that purpose a hearing was had at which they appeared and introduced evidence. The court considered the facts and the law and rendered a judgment acquitting one of them and finding the other guilty and the sentence imposed is within the limit authorized by the statute. Therefore, as

there was no lack of jurisdiction and no error of procedure was committed, the above question must be answered in the negative.

Some of the errors assigned and some of the allegations made by the petitioner in his application are foreign to the real question at issue and others are out of place in an extraordinary recourse of *certiorari.* In cases of this nature we are called upon only to inquire whether the lower court acted within its jurisdiction and followed the proper procedure of law. The weighing of the evidence and of the other circumstances of the case rests, as a general rule, with the trial court. The petition should be denied.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.